IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lawrence A Rhoades and Victoria L Rhoades | : | Case No.   21-5212 |
| 773 Janice Parkway | : | |
| Columbus, OH 43223 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| -vs- | : | |
| | : | |
| The United States of America | : | |
| Department of the Treasury | : | |
| Internal Revenue Service | : | |
| 1500 Pennsylvania Avenue, NW | : | |
| Washington, DC 20220 | : | Judge |
| | : | |
| And | : | |
| | : | |
| For Service of Process | : | |
| Civil Process Clerk at the | : | |
| Office Of The United States Attorney | : | |
| Southern District of Ohio | : | |
| Vipal J. Patel | : | |
| U.S. Attorney's Office | : | |
| 303 Marconi Boulevard, Suite 200 | : | |
| Columbus, OH 43215 | : | |
| | : | |
| And | : | |
| | : | |
| For Service of Process | : | |
| Attorney General of the United States | : | |
| Merrick B. Garland | : | |
| U.S. Department of Justice | : | |
| 950 Pennsylvania Avenue, NW | : | |
| Washington, DC 20530-0001 | : | |
| | : | |
| Defendant | : | |

**<u>COMPLAINT</u>**

Plaintiff files this Complaint, hereby stating and alleging as follows:

## JURISDICTION and VENUE

1. Jurisdiction is proper in the United States District Court for the Southern District of Ohio pursuant to 28 USC § 1340 - District courts have original jurisdiction of any civil action arising under the internal revenue laws. 28 USC § 1346 (a) 1 - District Courts, have original jurisdiction over the following actions commenced against the United States and the Congress of the United States has waived immunity for such action in tax refund suits; 28 USC § 1361 - District courts have original jurisdiction over actions to compel an officer or an employee of the United States or any agency to perform a duty owed the plaintiff; 26 U.S.C.A. § 7433(a), in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the IRS recklessly, intentionally or negligently disregards any provision of the Internal Revenue Code or regulations.

2. Venue is proper in this District under 28 U.S.C. 1391(b). All acts complained of herein occurred within the Southern District of Ohio Eastern Division.

## PARTIES

3. Plaintiffs Lawrence A Rhoades and Victoria L Rhoades are natural persons living in Franklin County, Ohio. Plaintiffs bring this action though their attorney, Carl N Cottone.

4. The Defendant is the United States of America Department of the Treasury, Internal Revenue Service.

## FACTS

1  Plaintiffs filed their 2010 federal tax return on time and expected a small refund.

2  However, the Form 1099-Misc mailed to Plaintiffs and Defendant by Bimbo Foods, erroneously indicated that Plaintiff Lawrence A Rhoades earned $242,885.39 in 2010 (see Exhibit 1 Form 1099-Misc)

3  Via a CP2000 Notice dated February 27, 2012, Defendant indicated that, instead of receiving a $700 refund, Plaintiffs owed $102,256.00 to Defendant (see Exhibit 2 CP2000 Notice). From this point forward, Defendant withheld every refund to which Plaintiffs were entitled for tax years 2010, 2011, 2012, 2013, 2014 and 2015. Since Plaintiffs could not, and did not, pay the $102,256.00 balance due for

tax year 2010, Defendant withheld Plaintiffs' refunds for subsequent tax years as payments on the balance due.

4. In early 2018 Plaintiffs hired attorney Carl N Cottone (Counsel) to communicate and negotiate with Defendant. Shortly after being hired, Counsel submitted an Offer in Compromise (Doubt as to Liability) (OIC); offer number 1001473746. After several months of faxes, phone calls and letters back and forth, the OIC was denied for a reason disputed by Counsel.

5. On August 30, 2018, Counsel drafted a cover letter and had Plaintiffs complete selected pages of the CP2000 Notice received from Defendant on February 27, 2012. Counsel included the same supporting documents from Bimbo Foods that were part of OIC number 1001473746 (see Exhibit 3 Cover Letter, pages 6 &7 of CP2000 Notice and Bimbo Foods Documents).

6. Plaintiffs received LTR 288C, dated November 28, 2018, referencing Plaintiffs' August 30, 2018 communication and stating in relevant part "*Thank you for the inquiry dated August 30, 2018. We have adjusted your account as requested.*" (see Exhibit 4 LTR 288C).

7. Plaintiffs received a CP21B Notice, dated December 10, 2018, stating "*Changes to your 2010 Form 1040*" and specifying that Defendant owed Plaintiffs $14,248.00. The Notice further stated that Plaintiffs "*…should receive a refund check within 2-3 weeks…*" (see Exhibit 5 CP21B Notice).

8. In March 2019, Plaintiffs received LTR 106C, dated March 11, 2019, stating "*CLAIM OF PARTIAL DISALLOWANCE*" (see Exhibit 6 LTR 106C). The Defendant partially disallowed the amount owed to Plaintiffs. Instead of owing Plaintiffs $14,248.00, Defendant owed Plaintiffs $786. Moreover, the reason for the "*PARTIAL DISALLOWANCE*" was based upon U.S.C. Title 26 Subtitle F Chapter 66 Subchapter B §6511, commonly known as The Three-Year Rule and which Defendant summarized as "*Your Claim was filed more than 3 years after Return Due Date*".

9. On May 16, 2019, Plaintiffs, through Counsel, filed an Appeal of Defendant's LTR 106C (see Exhibit 7 Appeal of IRS LTR 106C).

10  The decision on Plaintiffs' appeal, dated September 6, 2019, is strange indeed. Although the decision specifically stated that "…*the IRS erroneously applied IRS § Code 6511 to justify not releasing the full amount of the refunds…*", the appeals officer did not order a release of the full amount of the refund. (see Exhibit 8 Decision of Appeal of IRS LTR 106C).

### COUNT I
### PLAINTIFFS' CLAIM FOR
### CONVERSION AGAINST DEFENDANT

11  Plaintiffs reaffirm all allegations contained in the preceding paragraphs as if fully rewritten herein.

12  "Conversion is the wrongful control or exercise of dominion over property belonging to another inconsistent with or in denial of the rights of the owner." *Tabar v. Charlie's Towing Service, Inc. 97 Ohio App.3d 423*.

13  On December 10, 2018 Defendant, via its CP21B Notice, admitted that it owed Plaintiffs $14,248.00. Nevertheless, on March 11, 2019, Defendant rescinded its admission with its "*CLAIM OF PARTIAL DISALLOWANCE*" LTR 106C.

14  In order to demonstrate conversion, the owner must show that 1) he demanded return of the property from the possessor after the possessor exercised wrongful control and 2) the possessor refused to return the property to its rightful owner; *Tabar v. Charlie's Towing Service, Inc. 97 Ohio App.3d 423*.

On May 16, 2019, Plaintiffs filed an Appeal of the LTR 106C questioning the basis of Defendant's use of the Three-Year Rule to disallow refunding $14,248.00 it owed to Plaintiffs. In relevant part, the Appeal stated:

> "*The Three-Year Rule is statutorily based on U.S.C. Title 26 Subtitle F Chapter 66 Subchapter B § 6511. Section 6511 contemplates a taxpayer not filing a claim for refund of overpayment for more than three years after the tax was due. This scenario presupposes that the taxpayer was free to file a claim for refund anytime during that three-year period and reasonably expect to receive the refund.*
> *Clearly, this was not true in Plaintiffs' case. The IRS was retaining the refunds as payment for a balance due in tax year 2010. Only when the underlying issue of the amount in Plaintiffs 2010 1099-Misc was resolved in 2018, and the balance due erased, was it incumbent upon the IRS to return the funds that had been erroneously retained.*"

Moreover, in his decision letter, dated September 6, 2019, the appeals officer stated "…*it appears the refunds due to you were as a result of an AUR reconsideration resolution, they were sent to Excess Collections, and the IRS erroneously applied IRS § Code 6511 to justify not releasing the full amount of the funds…*". The appeals officer was honest enough to admit that the Defendant made an error. However, since he was an appeals officer and recognized the error, one can only speculate as to why he did not reverse that error.

**COUNT II
PLAINTIFF'S CLAIM FOR
UNJUST ENRICHMENT AGAINST DEFENDANT**

15     Plaintiffs reaffirm all allegations contained in the preceding paragraphs as if fully rewritten herein.

16     "The doctrine of unjust enrichment is that a person will not be allowed to profit or enrich himself inequitably at another's expense."; quoting *Freedline v. Cielensky (1961), 115 Ohio App. 138,* "As ordinarily defined, the concept of unjust enrichment includes not only loss on one side but gain on the other, with a tie of causation between them." *Fairfield Ready Mix v. Walnut Hills Associates, LTD (1988), 60 Ohio App.3d 1* quoting *18 Ohio Jurisprudence 3d (1980) 271, Contracts, Section 343*.

17     In the instant case, Plaintiffs conferred a benefit upon Defendant in tax years 2010, 2011, 2012, 2013, 2014 and 2015 by not receiving their tax refunds and Defendant caused a detriment to Plaintiffs by retaining their tax refunds for the specified years even after Plaintiffs rightly demanded the return of those refunds.

18     If there is a set of circumstances, involving the Defendant, that demand punitive damages, these are it. Defendant's use of The Three-Year Rule was not just incorrect or wrong; it went beyond straining the limits of logic. Defendant's application of The Three-Year Rule compounded by Defendant's denial of Plaintiffs' Appeal, had no basis in law or logic. Considering Plaintiffs' circumstances, Plaintiffs are entitled to punitive damages under Ohio law because Defendant's actions implied a willful disregard of Defendant's own Internal Revenue Code so egregious that Plaintiffs experienced bewilderment to the point of emotional distress. Plaintiffs felt, and were, powerless to deal with Defendant's groundless

reason for denying them their full refund. The Defendant needs to be roused from applying rules in a mindless and rigid fashion.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

    a)    $14,248.00 in compensatory damages;

    b)    $100,000.00 in punitive damages;

    c)    all attorney fees and costs;

    d)    prejudgment and post judgment interest; and

    e)    such other relief, at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Carl N Cottone
Carl N Cottone (0075890)
Attorney for Plaintiffs
5195 Hampsted Village Center Way, Unit 65
New Albany, Ohio 43054
614-401 9873
Fax 614- 939 9677
carl@cnclaw.org