UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE AND VICTORIA RHOADES, | : : Case No. 2:21-cv-5212 |
| Plaintiffs, | : : Judge Sarah D. Morrison |
| vs. | : : Magistrate Judge Kimberly Jolson |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, | : : : |
| Defendant. | |

**OPINION AND ORDER**

Plaintiffs Lawrence and Victoria Rhoades bring claims for conversion and unjust enrichment against Defendant United States of America, Department of the Treasury, Internal Revenue Service for allegedly unpaid tax refunds.[1] (ECF No. 1.) Finding the Fed. R. Civ. P. 15 Motion for Leave to Amend of the Rhoades futile and the Fed. R. Civ. P. 12(b)(1) Motion to Dismiss of the United States meritful, the Court **DENIES** leave and **DISMISSES** the action. (ECF Nos. 3, 10.)

**I.    BACKGROUND**

The following factual allegations, taken from the Complaint, are assumed to

---

[1] While the Complaint purports to name the United States Department of the Treasury, Internal Revenue Service as a defendant, neither the Treasury Department nor the IRS are entities capable of being sued. *Ali v. United States Dep't of Treasury- IRS*, No. C-1-03-779, 2005 U.S. Dist. LEXIS 3426, at *12 (S.D. Ohio Feb. 4, 2005) (Hogan, M.J.). Thus, the United States is the proper party defendant. *Id.*

be true for purposes of addressing the instant motion. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

According to the Complaint, the IRS erroneously imposed $102,256 in tax liability upon Mr. Rhoades for tax year 2010. (ECF No. 1, ¶ ¶ 1-3.) This improper assessment stemmed from an incorrect informational return indicating Mr. Rhoades had received $242,885.39 in non-employee compensation from a bakery he had worked for as an independent contractor. *Id*.

In February 2012, the IRS sent Mr. Rhoades a letter referencing the assessment and directing him to return an enclosed response form by March 28, 2012. (ECF No. 1-2.) Mr. Rhoades did not respond by the deadline.

More than six and a half years later in August 2018, Mr. Rhoades sent a letter to the IRS indicating the bakery's informational return was incorrect. *Id*. at 1-3. Enclosed with the correspondence was Mr. Rhoades' 2010 Schedule C and SE for the bakery, the bakery's 2010 year-end summary for Mr. Rhoades' account, an e-mail exchange between the Rhoades' counsel and the bakery indicating $1898.86 was the "sum of all the payments issued by" the bakery to Mr. Rhoades on 2010, and the February 2012 response form Mr. Rhoades completed in July 2018. *Id*.

The IRS's November 2018 response to the Rhoades' correspondence indicated the IRS had "adjusted your account as requested." *Id*. at 1-4. A month later, the IRS sent a letter to the Rhoades stating they were due a refund in the amount of $14,248.16. *Id*. at 1-5. But later correspondence from the agency in March 2019 stated that the IRS had "partially disallowed your claim for credit or refund for

2

[2010]. We allowed only $786.00 of the claim." *Id.* at 1-6. The reason given was "[y]our claim was filed more than 3 years after the Return Due Date." *Id.*

Mr. Rhoades appealed the partial disallowment in May 2019, arguing that his August 2018 request for 2010 refund should be treated as timely. *Id.* at 1-7. In September 2019, the IRS's appeals officer "returned [Mr. Rhoades's] case to the Service because it appears the refunds due to [him] were as a result of an AUR reconsideration resolution, they were sent to Excess Collections, and the IRS erroneously applied IRC § Code 6511 to justify not releasing the full amount of the refunds based on" the August 2018 letter. *Id.* at 1-8. The appeals officer further indicated she was closing Mr. Rhoades's case. *Id.*

More than two years later, the Rhoades filed the instant suit alleging claims for conversion and unjust enrichment. (ECF No. 1.) The United States seeks dismissal on grounds of sovereign immunity, failure to exhaust administrative remedies, failure to utilize the proper form to appeal, and statutes of limitations. (ECF No. 3.) The Rhoades move to amend their Complaint. (ECF No. 10.) The United States opposes amendment on grounds of undue delay and futility (ECF No. 12), and the Rhoades reply (ECF No. 13.)

3

## II. DISCUSSION

### A. Amendment Would be Futile.

In lieu of directly opposing the United States' Motion to Dismiss, the Rhoades move for leave to amend their Complaint.[2] (ECF No. 10.) "Although Rule 15(a)(2) evinces a liberal amendment policy, the right to amend is not absolute or automatic." *Alexander v. Eagle Mfg. Co.*, LLC, 714 F. App'x 504, 510 (6th Cir. 2017) (internal quotation marks and citation omitted). Leave need not be granted where amendment would be futile. *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quotation and citation omitted). "A motion to amend is futile if the proposed amendment would not survive a motion to dismiss under Rule 12(b)(6)." *Poole v. Fannie Mae*, No. 1:15-CV-1261, 2016 U.S. Dist. LEXIS 71812, at *13 (W.D. Mich. June 2, 2016) (citing *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014)).

The proposed Amended Complaint maintains the same factual allegations as the Complaint but drops the state counts. Instead, the Amended Complaint purports to seek recovery of the Rhoades' alleged overpayment under 28 U.S.C. § 1346(a)(1), which states "the district courts shall have original jurisdiction" over any "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have

---

[2] While the leave motion was late under Fed. R. Civ. P. 15(a)(1)(B) and the Preliminary Pretrial Order (ECF No. 7), the Court prefers a merits determination and therefore addresses it.

been excessive or in any manner wrongfully collected under the internal-revenue laws." (ECF No. 8, ¶ ¶ 11-12.) As the statute's language makes clear, it confers jurisdiction on this Court, it does not create a private right of action for the Rhoades.

The United States is immune from lawsuits unless it expressly consents to a waiver of its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Rhoades have the burden to establish an "explicit and unequivocal" waiver of sovereign immunity. *United States v. Morton*, No. 1:16-mc-84, 2016 U.S. Dist. LEXIS 181495, at *4, 119 A.F.T.R.2d (RIA) 2017-362 (W.D. Mich. Nov. 28, 2016); *see also Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (burden on plaintiffs). "Jurisdictional statutes such as 28 U.S.C. §§ . . . 1346 . . . do not operate as waivers of sovereign immunity," *Carelli v. Internal Revenue Serv.*, 668 F.2d 902, 904 (6th Cir. 1982), so the Rhoades fail their burden.

The Rhoades' fleeting reference to 28 U.S.C. § 1346(a)(2) in their Motion for Leave to Amend does not fix that fatal flaw. (ECF No. 10, PageID 126.) Besides not being mentioned in the proposed Amended Complaint, that statute, like the last, is jurisdictional and does not waive sovereign immunity. *Carelli*, 668 F.2d at 904.

In sum, the proposed Amended Complaint is futile and would not survive a motion to dismiss. Leave is **DENIED**. (ECF No. 10.)

### B. Sovereign Immunity Bars the Rhoades' State Claims.

The Rhoades' original claims for conversion and unjust enrichment under state law are also subject to dismissal for lack of jurisdiction due to sovereign immunity.

Without waiver of sovereign immunity, the "Court lacks subject-matter jurisdiction over the suit." *Charles v. Fed. Bureau of Prisons*, No. 1:20-cv-217, 2021 U.S. Dist. LEXIS 146182, at *2 (S.D. Ohio Aug. 4, 2021) (Cole, J.) (citing *United States v. Lee*, 106 U.S. 196, 204 (1882) and *United States v. McLemore*, 45 U.S. 286, 288 (1846)). The United States did not consent to suit for "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C.S. § 2680(c). Because the Rhoades' state claims clearly arise from the United States' assessment and collection of taxes against them, and because the United States did not consent to suit for such claims, sovereign immunity operates to bar jurisdiction in this matter and dismissal is **GRANTED**. (ECF No. 3.)

### III. CONCLUSION

The Motion for Leave to Amend (ECF No. 10) is **DENIED**.

The Motion to Dismiss (ECF No. 3) is **GRANTED**.

**IT IS SO ORDERED**.

                                                 *s/Sarah D. Morrison*
                                                 **SARAH D. MORRISON**
                                                 **UNITED STATES DISTRICT JUDGE**